| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 08/14/2020 |
| VALERIE WILLIAMS,<br><br>        Plaintiff,<br><br> -against-<br><br>LONG BEACH MORTGAGE COMPANY, DEUTSCHE BANK NATIONAL TRUST COMPANY, *as Trustee for Long Beach Mortgage Trust 2006-2*, JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, STEVEN J. BAUM, P.C., DAWN HANZLIK-HEXEMER, MARGOLIN & WEINREB LAW GROUP, C. LANCE MARGOLIN, ISLAND ADVANTAGE REALTY, ALDRIDGE PITE, LLP, JACLYN A. WEBER-CANTRELL ESQ., JOHN "DOES" AND JANE "ROES" 1 through 100,<br><br>        Defendants. | 19-cv-970 (NSR)<br><br>OPINION & ORDER |

NELSON S. ROMÁN, United States District Judge:

  Plaintiff Valerie Williams ("Plaintiff") commenced this action *pro se* on January 31, 2019 against Long Beach Mortgage Company; Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-2; JP Morgan Chase Bank, National Association; Steven J. Baum, P.C.; Dawn Hanzlik-Hexemer; Margolin & Weinreb Law Group; C. Lance Margolin; Island Advantage Realty; Aldridge Pite, LLP; Jaclyn A. Weber-Cantrell Esq.; and John "Does" And Jane "Roes" 1 through 100 (together, "Defendants"), asserting civil Racketeer Influenced and Corrupt Organizations Act ("RICO") and fraud claims related to a mortgage and foreclosure. (*See* Complaint ("Compl."), ECF No. 1.)

  Presently before the Court are the following motions: (1) Defendants Margolin & Weinreb Law Group f/k/a Pitnick & Margolin, LLP and C. Lance Margolin's (collectively, the "Margolin

1

Defendants") motion to dismiss (ECF No. 36), (2) Defendants Aldridge Pite, LLP and Jaclyn A Weber-Cantrell, Esq.'s (collectively, the "Aldridge Pite Defendants") motion to dismiss (ECF No. 47), (3) Defendants Steven J. Baum, P.C. ("Baum Firm") and Dawn Hanzlik-Hexemer's (collectively, the "Baum Firm Defendants") motion to dismiss (ECF No. 58), and (4) Defendants Long Beach Mortgage Company ("LBMC"); Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2 ("Deutsche Bank") s/h/a Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust, 2006-2; and JPMorgan ChaseBank, National Association's ("JPMorgan Chase") (collectively, the "Bank Defendants") motion to dismiss (ECF No. 65). For the reasons that follow, the motions to dismiss are GRANTED.

## BACKGROUND

### I. Factual Allegations

The following facts are derived from the Complaint or matters of which the Court may take judicial notice and are taken as true and constructed in the light most favorable to Plaintiff for the purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

A court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew

about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).[1]

### a. The Mortgaged Property

This action concerns real property located at 26 West Devonia Avenue, Mount Vernon, NY 10552 (the "Property"). (*See* Compl. ¶ 2.)

On or about January 27, 2006, non-party Simone Cleare ("Cleare") executed and delivered a note (the "Cleare Note"), whereby Clear promised to pay the sum of a $680,000.00 plus interest to Defendant LBMC. (*See* Declaration of Mitra Paul Singh ("Singh Decl."), ECF No. 66, Ex. B.) As collateral security, Cleare also executed and delivered a corresponding mortgage. (*See* Compl. ¶¶ 2, 4 & Ex. 1 ("Cleare Mortgage").) The Cleare Mortgage encumbered the Property and was recorded with the Westchester County Clerk on April 26, 2006 as Control Number: 461100223. (*Id.*) By Assignment dated January 31, 2006, and recorded in the County of Westchester, LBMC

---

[1] Following these principles, the Court considers the underlying Note, which is clearly referenced in, and integral to, the Amended Complaint. *See Williams v. Long Beach Mortg. Co.*, No. 15-CV-5952 (KMK), 2016 WL 5720810, at *1 (S.D.N.Y. Sept. 30, 2016), *aff'd*, 709 F. App'x 92 (2d Cir. 2018) (concluding same); *Best v. Bank of Am., N.A.*, No. 14-CV-6546, 2015 WL 5124463, at *1 (E.D.N.Y. Sept. 1, 2015) ("Along with its papers, [the defendant] submitted an affidavit attaching the mortgage, note, assignment of mortgage, and other loan documents issued by [the defendant] to [the plaintiff] ..., [which the court can] consider ... because the documents are specifically referenced in, and are integral to, the complaint."); *Solomon v. Ocwen Loan Servicing, LLC*, No. 12-CV-2856, 2013 WL 1715878, at *4 (E.D.N.Y. Apr. 12, 2013) ("The [n]ote and [m]ortgage are integral to the amended complaint and therefore may be considered by the [c]ourt.").

The Court also considers various state court documents filed in the underlying state foreclosure proceeding. *See Yencho v. Chase Home Fin. LLC*, No. 14-CV-230, 2015 WL 127721, at *4 (S.D.N.Y. Jan. 8, 2015) (considering filings in state court foreclosure proceeding); *Solomon*, 2013 WL 1715878, at *4 ("The [c]ourt may ... take judicial notice of the state-court foreclosure proceedings."); *see also Ferrari v. Cty. of Suffolk*, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011) ("In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case sub judice." (italics omitted)).

Moreover, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)[,] a district court may consider evidence outside the pleadings." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010); *see also Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) ("[W]hen, as here, subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise.").

assigned the Cleare Mortgage and Cleare Note to Deutsche Bank National Trust Company,[2] as Trustee for Long Beach Mortgage Trust 2006-2 ("Assignment").  (Declaration of Anthony J. Proscia, Esq. ("Proscia Decl."), ECF No. 59, Ex. E.)

### b. Alleged Transfer of the Property to Williams

According to Plaintiff, she acquired title to the Property from Cleare pursuant to a deed dated January 31, 2006.  (*See* Compl. ¶ 76 & Ex. 1B (the "Williams Deed").  The Williams Deed was executed four days after the Cleare Mortgage, and was not recorded until almost a year later on January 26, 2007, also after the Cleare Mortgage was recorded.  (*See id.*)

### c. Underlying Foreclosure Action

Cleare defaulted on her obligations under the terms the loan, and on or about October 9, 2007, LBMC commenced a mortgage foreclosure action against Cleare with respect to the Property in New York State Supreme Court, County of Westchester (the "State Court") (Index No. 20586/2007, the "Foreclosure Action").[3]  (Singh Decl. Ex. E.)  At the time of commencement of the Foreclosure Action, Williams was described as the "record owner" of the Property and was named as one of several defendants.  (*See id*. at Schedule B.)

Williams was personally served the summons and complaint in the Foreclosure Action on October 15, 2007.  (Singh Decl. Ex. F.)  Williams did not appear or answer in the Foreclosure Action. As a result, LBMC obtained an Order of Reference on January 16, 2008 and a Judgment of Foreclosure and Sale (the "Foreclosure Judgment") on March 4, 2008. (*See* Singh Decl. Ex. G at 1-2 ("[N]one of the Defendants have served any answer to said Complaint, nor had their time to

---

[2] The Margolin Defendants are attorneys for Deutsche Bank.  (Compl. ¶ 1(F–G)).  The Aldridge Pite Defendants are representatives for Deutsche Bank.  (*Id*. ¶ 1(J–K.)

[3] The Baum Firm represented LBMC in the Foreclosure Action.  (Proscia Decl., Exs. F & G.)

4

do so been extended, or, if they had served an answer, it was dismissed by summary judgment or stipulation of the parties.")

Following entry of the Foreclosure Judgment, several public auctions were scheduled. On October 27, 2009, the Property was eventually sold at auction by the court-appointed referee. (Singh Decl. Ex. I. (Referee's Deed, conveying title to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-2, recorded with the Westchester County Clerk on January 11, 2010 as Control Number 493550086)).

## II. Related Legal Actions

In summary, Williams has submitted numerous filings across various courts in relation to the sale of the Property:

- United States Bankruptcy Court: Williams filed five bankruptcy petitions with the United States Bankruptcy Court for the Southern District of New York, three of which were filed to stop the foreclosure auction. Each petition was dismissed within months of commencement for her failure to comply with the Bankruptcy Code. (Singh Decl. Exs. H and L.)

- Westchester County Supreme Court: After the auction, Williams filed an Order to Show Cause in the Foreclosure Action to vacate the Foreclosure Judgment. Pursuant to an Order of the Hon. William J. Giacomo, dated March 10, 2010, Williams' Order to Show Cause was denied. (Singh Decl. Ex. J.)

- Appellate Division, Second Department: Williams appealed the denial of her Order to Show Cause to the Appellate Division, Second Department, but failed to comply with applicable law when she failed to perfect her appeal by the deadline set by the Appellate Division, even after receiving two extensions. On February 15, 2011, the Appellate Division dismissed the action. (Singh Decl. Ex. K.)

- United States District Court, Southern District: Williams commenced an action in the United States District Court for the Southern District of New York (the "First SDNY Action"). Pursuant to an Opinion & Order of the Hon. Kenneth M. Karas, dated September 30, 2016, the First SDNY Action was dismissed in its entirety. (Singh Decl. Ex. M; *Williams v. Long Beach Mortg. Co.*, No. 15-CV-5952 (KMK), 2016 WL 5720810, at *9 (S.D.N.Y. Sept. 30, 2016), *aff'd*, 709 F. App'x 92 (2d Cir. 2018).)

- United States Court of Appeals, Second Circuit: Williams appealed the dismissal of the First SDNY Action. On January 22, 2018, the Second Circuit affirmed the dismissal.

(Singh Decl. Ex. N; *Williams v. Long Beach Mortg. Co.*, 709 F. App'x 92, 93 (2d Cir. 2018).)

More recently, Williams returned to state court and commenced an action against the same defendants herein by filing a Summons and Civil Complaint For Quiet Title with the Westchester County Supreme Court (the "State Court Action") on February 6, 2018. (Singh Decl. Ex. O.) The appearing defendants moved to dismiss the State Court Action and on July 26, 2018, the Hon. Joan B. Lefkowitz issued a Decision & Order dismissing the State Court Action. (Singh Decl. Ex. P.)

### III. Procedural History

Williams commenced this lawsuit *pro se* on November 10, 2015. (*See* Complaint, ECF No. 2.) The Court held a pre-motion conference on July 24, 2019, and granted each set of Defendants leave to file their separate motions to dismiss. (ECF Entry dated July 24, 2019.) The Margolin Defendants filed their motion to dismiss and accompanying papers on December 3, 2019 (ECF Nos. 36–39). The Aldridge Pite Defendants filed their motion to dismiss and accompanying papers on January 21, 2020 (ECF Nos. 47–50). The Baum Firm Defendants filed their motion to dismiss and accompanying papers on February 11, 2020 (ECF Nos. 58–61), and the Bank Defendants filed their motion to dismiss and accompanying papers on February 11, 2020 (ECF Nos. 65–68). Plaintiff filed her papers in opposition to all Motions on January 6, 2020. (ECF. Nos. 42–43, 56, 62.) Each set of Defendants filed their replies. (ECF Nos. 44, 52, 57, 63.)

## LEGAL STANDARD

### I. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Factual allegations must "nudge [a plaintiff's] claim from conceivable to plausible." *Twombly*, 550 U.S.

at 570.  A claim is plausible when the plaintiff pleads facts which allow the court to draw a reasonable inference the defendant is liable.  *Iqbal*, 556 U.S. at 678.  To assess the sufficiency of a complaint, the court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations."  *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).  While legal conclusions may provide the "framework of a complaint," "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678–79.

*Pro se* complaints are to be liberally construed.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  They must be held to less stringent standards than complaints written by lawyers, and only dismissed when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief."  *Estelle*, 429 U.S at 106 (quoting *Conley v. Gibson*, 335 U.S. 41, 45–46 (1957)).  This "is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  *Pro se* complaints must be interpreted as raising the strongest claims they suggest, but "must still state a plausible claim for relief."  *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

**II.    Rule 8**

The "special solicitude" in *pro se* cases, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010).

To comply with Rule 8, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (alteration in original)); *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). When a complaint does not meet this standard, the district court may dismiss the complaint. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

## III.    Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff asserting subject matter jurisdiction in a federal court bears the burden of proving that jurisdiction by the preponderance of the evidence. *Id.* The court must take all facts in the complaint as true and draw all inferences in favor of the party asserting jurisdiction. *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2000). As with Rule 12(b)(6), when dealing with Rule 12(b)(1), the Court construes the allegations in a *pro se* plaintiff's complaint in the light most favorable to the *pro se* plaintiff. *Makarova*, 201 F.3d at 113.

## DISCUSSION

Plaintiff filed the instant federal action seeking to quiet title, for cancellation of the foreclosed mortgage, for violations of 18 U.S.C. § 1964(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), commonly referred to as civil RICO, and is ultimately seeking treble damages under RICO for alleged mortgage fraud. (Compl. ¶¶ 112–17 and "Wherefore" Cl.)

Plaintiff attempts to assert her RICO and fraud claims against "each" Defendant. (*Id.* ¶¶ 2–4.) The Defendants each oppose Plaintiff's claims on various grounds, which include: failure to state a claim; failure to comply with Federal Rule of Civil Procedure 8; lack of personal jurisdiction; lack of subject matter jurisdiction; and that the claims are barred by the statute of limitations; *Rooker-Feldman* doctrine; and/or *res judicata*.[4]

## I. Subject Matter Jurisdiction

As a threshold issue, the Court must determine whether subject matter jurisdiction exists. Defendants argue that Plaintiff's claims should be dismissed pursuant to the *Rooker-Feldman* doctrine.[5] The *Rooker-Feldman* doctrine "denies 'federal district courts . . . jurisdiction over cases that essentially amount to appeals of state court judgments.'" *Barbato v. U.S. Bank National Association*, 14-CV-2233 (NSR), 2016 WL 158588, at *2 (S.D.N.Y. Jan. 12, 2016) (citing *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)). There are two state court judgments relevant to Plaintiffs' claims: (1) the March 4, 2008 Foreclosure Judgment (Singh Decl. Ex. G); and (2) the July 26, 2018 Decision & Order dismissing the State Court Action. (Singh Decl. Ex. P.)

To apply the *Rooker-Feldman* doctrine, the Court must find that the following four requirements are met:

> (1) the federal-court plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by a state court judgment'; (3) the plaintiff 'invite[s] ... review and rejection of that judgment'; and (4) the state judgment was 'rendered before the district court proceedings commenced.'

---

[4] Because the Court has determined that dismissal is warranted for several reasons detailed in this Opinion, it declines to address all of the arguments raised by Defendants.

[5] *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 414–15 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 468–73 (1983).

9

*Vossbrinck*, 773 F.3d at 426 (citing *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005)). The Second Circuit characterizes the first and fourth elements as "procedural" and the second and third elements as "substantive." *Hoblock*, 422 F.3d at 85. Here, the first and fourth procedural elements are plainly met.

As to Plaintiff's injuries, the Court finds they stem from the outcomes of the Foreclosure Action and State Court Action – namely, the validity and enforceability of the Cleare Mortgage. Furthermore, in this case, Plaintiff seeks review of the adverse determinations of the Foreclosure Action, including (i) the entry of Judgment; (ii) the denial of Plaintiff's *vacatur* motion; and (iii) the court permitting the foreclosure sale of the Property to proceed. (*See* Singh Decl. Exs. G and J.)  Plaintiff also seeks to relitigate the dismissal of the State Court Action, in which Plaintiff sought to vacate the Foreclosure Judgment, reverse the sale of the property, return ownership to her of the Property, and to expunge any liens against the Property. (*See* Singh Decl. Ex. O.)

Although Plaintiff now styles this suit as a civil RICO/fraud case, "a federal plaintiff cannot escape the *Rooker–Feldman* bar simply by relying on a legal theory not raised in state court." *Hoblock*, 422 F.3d at 87.  "Courts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the *Rooker–Feldman* doctrine from attacking the state court judgment in federal district court." *Gray v. Americredit Fin. Servs., Inc.*, No. 07 Civ. 4039(SCR)(MDF), 2009 WL 1787710, at *4 (S.D.N.Y. Jun. 23, 2009) (collecting cases).  Accordingly, the Court concludes that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

## II.   Civil RICO Claims

Even if the Court were to consider the merits of Plaintiff's civil RICO claims, such claims are not adequately pleaded. Plaintiff's RICO claims appear to be based on allegations of fraud in the origination of the Cleare Loan based on the appraisals and loan-to-value ratio. Plaintiff alleges:

> Defendant(s), and each of them, fraudulently misrepresented the Value of the subject property(s) and misrepresented the Loan to Fair Market Value Ratio based upon a false and inflated appraisal overstating the property value, conducted as part of a pattern of racketeering activity by the non-party malfeasants.

(*See* Compl. ¶ 4.)

### a.   Pleading Requirements

In order to state a civil claim for relief under RICO, "'"plaintiffs must show (1) a substantive RICO violation under [18 U.S.C.] § 1962, (2) injury to the plaintiff's business or property, and (3) that such injury was by reason of the substantive RICO violation." *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 83 (2d Cir. 2015) (quoting *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 117 (2d Cir. 2013)).[6] To demonstrate a violation of the RICO statute, the Plaintiff must plausibly allege "that a defendant, through the commission of two or more acts constituting a pattern of racketeering activity, directly or indirectly participating in an enterprise, the activities of which affected interstate or foreign commerce." *Lynch v. Amoruso*, 232 F. Supp. 3d 460, 466 (S.D.N.Y. 2017) (quoting *Defalco v. Bernas*, 244 F.3d 286, 306 (2d. Cir. 2001)). Plaintiff has failed to allege a substantive RICO violation, as the Complaint does not plausibly allege the existence of a RICO enterprise or pattern of racketeering activity.

---

[6] "[RICO] Section 1964(c) authorizes a private suit by '[a]ny person injured in his business or property by reason of a violation of § 1962.'" *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495 (1985) (quoting 18 U.S.C. § 1964(c)).

### i. Existence of a RICO Enterprise

A RICO enterprise consists of "a group of persons associated together for a common purpose of engaging in a course of conduct" which must be proved "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981). There must exist a "nexus . . . between the enterprise and the racketeering activity that is being conducted." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 174 (2d Cir. 2004).

The enterprise referenced in the Complaint is a sprawling one "consist[ing] of the hundreds of entities making up the national Subprime Mortgage Industry." (Compl. ¶¶ 7–19, 86–88.) Though the Complaint includes a cavalcade of "non-party malfeasants," it does not include any discernable allegations that implicate the named Defendants in any racketeering activity. In fact, the Complaint does not directly name the Margolin Defendants, Aldridge Pite Defendants, Baum Firm, beyond naming them in the "Parties" section. (*Id.* ¶ 1.) There is barely anything further regarding Defendants Deutsche Bank and JPMorgan Chase: they are included in the list of "mortgage-backed securities investors," and JPMorgan Chase is further listed as a "subprime mortgage servicer" and "subprime mortgage originator." (*Id.* ¶¶ 9, 11, 13.) Even liberally construing the allegations, the Court finds this element to be inadequately pleaded.

### ii. Pattern of Racketeering Activity

The next element that Plaintiff must establish is a "pattern of racketeering activity" that includes "at least two predicate acts . . . [The plaintiff] must show that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity." *GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 465 (2d Cir.1995) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989)); *see also* 18 U.S.C. § 1961(5). Here, the sole specific allegation of any possible predicate act is that the Cleare Mortgage was issued to Cleare in 2006 based on a

false appraisal. No other definite predicate activity is alleged. Again, even under the most liberal reading of the Complaint, Plaintiff has failed to adequately plead this element of her claim. *See, e.g., Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178 (2d Cir. 2008) (affirming dismissal of RICO claims where complaint alleged only unspecified predicate acts).[7]

### III. Relevant Statutes of Limitations

#### a. Civil RICO

Defendants argue that Plaintiff's RICO claims are time-barred. In *Agency Holding Corp. v. Malley–Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987), the Supreme Court established a 4–year limitations period for civil RICO claims. *See also Rotella v. Wood*, 528 U.S. 549, 552 (2000).

The limitations period for a civil RICO claim begins to run according to the "injury discovery rule." *Id.* at 554; *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 150 (2d Cir. 2012) ("It remains the law in this Circuit that a RICO claim accrues upon the discovery of the injury alone."). Under this discovery rule, a claim accrues on the date that "plaintiff discovers or should have discovered" her injury by defendant. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 361 (2d Cir. 2013). That is, "the limitations period does not begin to run until [the plaintiff has] actual or inquiry notice of the injury." *Id*. (quoting *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 60 (2d Cir. 1998). A RICO plaintiff has inquiry notice when there are "storm warnings" which would prompt

---

[7] The Court notes that the fraud allegation would also be subject to, and fail, the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004) ("all allegations of fraudulent predicate acts[ ] are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)"). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In an action "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Angermeir v. Cohen*, 14 F. Supp. 3d 134, 147 (S.D.N.Y. 2014) (quoting *DiVittorio v. Equidyne Extractive Indus., Inc*., 822 F.2d 1242, 1247 (2d Cir. 1987)) (internal quotation marks omitted). "The requirements of Rule 9(b) are 'not satisfied by a complaint in which defendants are clumped together in vague allegations.' " *Polar Int'l. Brokerage Corp. v. Reeve*, 108 F. Supp. 2d 225, 237 (S.D.N.Y. 2000) (citation omitted).

a person of ordinary intelligence to consider it possible that fraud had occurred. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 411–12 (2d Cir. 2008). Knowledge of an alleged fraud will be imputed to a plaintiff where a duty to inquire arises, but the plaintiff omits that inquiry or shuts her eyes to those facts. *Koch v. Christie's In'l PLC,* 699 F.3d 141, 150 (2d. Cir. 2012).[8]

The injury that Plaintiff relies upon is the foreclosure of the Property as a result of the alleged fraud that occurred in the origination of the Cleare Loan on January 27, 2006. In determining when Plaintiff "discover[ed] or should have discovered" her injury, *Cohen*, 711 F.3d at 361, it is apparent that she discovered her injury at least by 2010, when Plaintiff moved to vacate the Foreclosure Judgment. (*See* Singh Decl. Ex. J.)

Nevertheless, Plaintiff asserts that she "learned of the facts about the misrepresentation of the Appraisal of the property after doing some research about the subject matter of this Complaint on December 10, 2018." (Compl. at ¶ 37.) She further argues that she "did not discover [the] frauds until well after the purported Original Lender(s) of the fraudulent scheme fraudulently induced Plaintiff into her Mortgage Agreement at an exorbitantly inflated purchase price. Plaintiff did not learn of the fraud perpetrated by the Defendant(s) until now." (Plaintiff's Objection ("Pl. Objection"), ECF No. 43, at 9.) This, however, misses the mark: "[I]n applying a discovery accrual rule, . . . discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 149 (2d Cir. 2012) (quoting *Rotella*, 529 U.S.

---

[8] In addition, the Second Circuit has adopted a "'separate accrual rule' whereby a new claim accrues, triggering a new four-year limitations period, each time plaintiff discovers, or should have discovered, a new injury caused by the predicate RICO violations." *Angermeir v. Cohen*, 14 F. Supp. 3d 134, 158 (S.D.N.Y. 2014) (quoting *Bingham v. Zolt*, 66 F.3d 553 (2d Cir. 1995) (internal quotations omitted). A plaintiff must demonstrate that he suffered a new injury – i.e. "separate and independent injuries" that "continue to flow from the underlying RICO violations." *Id.* Assuming a plaintiff can avail himself of this "separate accrual rule", he may "wait indefinitely to sue, but may then win compensation only for injuries discovered or discoverable within the four-year window before suit was filed...." *Bingham*, 66 F.3d at 560. Because Plaintiff has not alleged any "separate and independent" injuries, this rule is not applicable here.

14

at 555). There is no dispute that Plaintiff was aware of the foreclosure at least as of 2010—nine years before commencing the instant suit—when she challenged the Foreclosure Judgment in 2010. As such, Plaintiff's civil RICO claims are time-barred.

### b. Fraud

To the extent that Plaintiff also attempts to plead fraud claims, Defendants similarly argue that any such state law fraud claims are time-barred. Under New York law, a fraud claim is subject to a six (6) year statute of limitations. N.Y. C.P.L.R. § 213(8). Again, for the reasons stated above, Plaintiff's fraud claim accrued at least as of 2010, which is beyond the statute of limitations for such a claim. Accordingly, Plaintiff's fraud claims are also time-barred.

## IV. Leave to Amend

Although *pro se* plaintiffs are generally given leave to amend a deficient complaint, *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999), a district court may deny leave to amend when amendment would be futile because the problem with the claim "is substantive [and] better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Valle v. Police Dep't Cnty. of Suffolk Cent. Records*, No. 10–CV–2847, 2010 WL 3958432, at *2 (E.D.N.Y. Oct. 7, 2010) (leave to amend is properly denied where all indications are that the *pro se* plaintiff will be unable to state a valid claim). The Court finds that to be the case here: Plaintiff's claims fail as a matter of law; the addition of factual allegations will not remedy its defects. Plaintiff has already had numerous opportunities to be heard on her claims in both state and federal court. Because it appears to the Court that amendment would be futile, the Court declines to grant leave to amend at this time. *See Coleman v. brokersXpress, LLC*, 375 F. App'x 136, 137 (2d Cir. 2010) (denial of leave to amend affirmed where *pro se* plaintiff made no specific showing as to how he would remedy defects in complaint); *cf. Ariel (UK) Ltd. v. Reuters Grp.,*

*PLC*, 277 F. App'x 43, 45–46 (2d Cir. 2008) (district court did not exceed its discretion by not *sua sponte* granting leave to amend where Plaintiff had already amended complaint once and amendment would have been futile).

## CONCLUSION

For the forgoing reasons, Defendants' motions to dismiss are GRANTED in their entirety. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 36, 47, 58, and 65, and to terminate this action. The Clerk of the Court is respectfully directed to mail a copy of this Opinion and Order to Plaintiff at the address listed on ECF and file proof of service on the docket.

Dated:   August 14, 2020                                              SO ORDERED:
         White Plains, New York

                                                                         NELSON S. ROMÁN
                                                             United States District Judge